## HICKOX v. NUTTING.

1. **Jurisdiction:** APPEALS FROM JUSTICES' COURTS: CIRCUIT AND SUPERIOR COURTS. The Circuit Court and a Superior Court in a city exercise concurrent jurisdiction in the matter of appeals from justices of the peace within the township or townships in which the city is situated.

*Appeal from Linn Circuit Court.*

.SATURDAY, DECEMBER 18.

THIS action was brought originally before a justice of the peace of Rapids township, Linn county. Judgment having been rendered for the defendant, the plaintiff appealed to the Circuit Court of Linn county. In the Circuit Court the de-fendant filed a motion to dismiss on the ground that the Cir-cuit Court had no jurisdiction. The court sustained the motion, and from the ruling the plaintiff appeals.

*George W. Wilson* and *Blake & Hormel*, for appellant.

No appearance for appellee.

ADAMS, CH. J.—The amount involved being less than one hundred dollars, the case comes to us upon a certificate in which are certified the following questions:

" 1st. Has the Circuit Court of Linn county, Iowa, jurisdiction of appeals in civil cases from justices' courts within Rapids township, in Linn county?

" 2d. Are appellants in appeals in civil cases from justices' courts within the township of Rapids compelled to appeal said cases to the Superior Court of Cedar Rapids, or may they at their election appeal said cases to the Circuit Court of Iowa, in and for Linn county?"

The Circuit Court has jurisdiction, unless it was excluded by chapter 143 of the laws of 1876, and the organization thereunder of the Superior Court of the city of Cedar Rapids, which city is in Rapids township. The act in question provides that " said court shall have jurisdiction concurrent with the District and Circuit Courts,   *   *   *   *   except where said courts respectively have exclusive jurisdiction, and except actions for divorce, and of all appeals and writs of error in civil cases from justices' courts within the township or townships in which the city is located."

The foregoing provides that the Superior Court shall have jurisdiction of all appeals and writs of error from justices of the peace within the township. It is not expressly provided that such jurisdiction shall be exclusive of the jurisdiction of the Circuit Court, nor that it shall be concurrent therewith. The most that can be said is that jurisdiction in such cases is conferred upon the Superior Court. But. the jurisdiction of the Circuit Court, we think, is not thereby taken away. We have two statutes, by one of which jurisdiction in such cases .is conferred upon the Circuit Court, and by the other of . which it is conferrred upon. the Superior Court. The two statutes are not inconsistent with each other, and it follows, we think, that the Circuit Court and Superior Court have concurrent jurisdiction in such cases.

In sustaining the defendant's motion to dismiss, we think the Circuit Court erred.

REVERSED.